# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20021
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 19, 2019

Lyle W. Cayce
Clerk

CANDIDO H. ALVARADO,

 Plaintiff-Third Party Defendant - Appellant

v.

CITIBANK, N.A., as Trustee,

 Defendant-Third Party Plaintiff - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-2311

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

 Candido H. Alvarado appeals the summary judgment issued in favor of Citibank, N.A. in a foreclosure action. We AFFIRM.

 Alvarado and his then wife, Carol Alvarado, took out a home equity loan from Washington Mutual Bank in 2007. After the Alvarados divorced in 2008, they attempted to transfer the ex-wife's rights in the property to the ex-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20021

husband.   The transfer agreement, though, was never countersigned by Washington Mutual.  In 2010, the loan was transferred to Citibank.

In July 2009, the Alvarados stopped making payments on the home loan. In 2011, Citibank sent a notice of acceleration through its servicing agent at the time, Chase.  In 2012, Citibank sent a notice of default that stated that if the default were not timely cured by paying the amount in arrears, the debt would be accelerated in the future, thereby providing notice that the loan was no longer accelerated.  In 2013, Citibank sent another notice of default stating that if the amounts past due were not paid, it would accelerate the loan and institute foreclosure proceedings.  No payments were made, and the loan was accelerated.  Mr. Alvarado brought suit to stop the foreclosure, leading to the dismissal of Citibank's application for non-judicial foreclosure.  Then in May 2015, Citibank recorded a "Rescission and Abandonment of Acceleration" in the real property records of Harris County, Texas.  In October 2015, Citibank again sought non-judicial foreclosure; Mr. Alvarado brought suit, and the application for non-judicial foreclosure was again dismissed.  At no time, though, was the loan brought current.

The current iteration of the dispute began with a notice of default on October 17, 2016, followed on December 28, 2016, by a notice of acceleration of the loan.  Mr. Alvarado brought suit in Texas state court on June 2, 2017, seeking a declaratory judgment that no foreclosure could be conducted. Citibank removed the case to the United States District Court for the Southern District of Texas and counterclaimed for judicial foreclosure.

Citibank filed for summary judgment.  The district court held that the four-year statute of limitations for a foreclosure in Texas was no barrier here and granted the bank's motion for foreclosure.  The district court also found that regardless of whether Carol Alvarado transferred her interest in the property to her ex-husband, she was bound by the original security agreement

and was not released from payment obligations.  The district court also found that Mr. Alvarado did not have standing to sue under the pooling service agreement for the mortgage.

We review the district court's grant of summary judgment *de novo*, looking to see if there is any genuine dispute of material fact and whether the moving party is entitled to judgment as a matter of law.  *Waste Mgmt. of La., L.L.C. v. River Birch, Inc.*, 920 F.3d 958, 964 (5th Cir. 2019).

Mr. Alvarado claims that Citibank's foreclosure action is outside the four-year statute of limitations because in 2011 the loan servicer issued an acceleration notice.  "Under Texas law, a secured lender 'must bring suit for . . . the foreclosure of a real property lien not later than four years after the day the cause of action accrues.'"  *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 104 (5th Cir. 2015) (alteration in original) (quoting TEX. CIV. PRAC. & REM. CODE § 16.035(a)).  Mr. Alvarado claims that because an acceleration notice was sent in 2011, this action is outside the statute of limitations.  However, a lender may abandon acceleration by sending a later notice "to the borrower that the lender is no longer seeking to collect the full balance of the loan" and instead permitting the borrower to pay the amount in arrears.  *Id.* at 105.  Citibank sent multiple notices within the four-year statute of limitations from the 2011 acceleration notice indicating its abandonment of the acceleration by requesting only the amount in arrears and also demonstrated its abandonment through its official filing in the real property records of Harris County.

Mr. Alvarado also argues that the district court erred in finding that his ex-wife remained a party to the loan and therefore a proper party to the proceeding.  Mr. Alvarado claims that the parties signed a transfer agreement with Washington Mutual so that he would be the sole responsible party. However, as the district court noted, the transfer agreement was not countersigned, and even if it was, the transfer agreement explicitly stated that

No. 19-20021

Carol Alvarado would remain liable under the original security instrument. Because we apply the plain language of the contract, the district court did not err in refusing to dismiss Carol Alvarado. *See Delta Seaboard Well Servs., Inc. v. Am. Int'l Specialty Lines Ins. Co.*, 602 F.3d 340, 343 (5th Cir. 2010) (stating that we give effect to the plain language of a contract).

Mr. Alvarado argues that his due process rights were violated because the district court did not hold a hearing and there was no jury trial. It is clear, though, that summary judgment procedures under Federal Rule of Civil Procedure 56 satisfy due process. *Cf. Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Furthermore, a hearing is not required under Rule 56, nor do we find in the record that Mr. Alvarado requested one. The district court's summary judgment decision therefore did not violate Mr. Alvarado's due process rights.

Finally, Mr. Alvarado claims that the assignment of Washington Mutual's original mortgage note to Chase, and subsequently Citibank, violates the pooling service agreement. Mr. Alvarado therefore claims that Citibank has no authority to enforce the loan. Mr. Alvarado, though, does not provide any evidence or argument suggesting that he was an intended third-party beneficiary or party to the pooling service agreement, and he therefore has no standing to assert the claim. *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 224-25 (5th Cir. 2013).

AFFIRMED.

4